**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

LIONEL RICE,                          *

      Petitioner,                  *

                                     Civ. Action No. RDB-16-2422
      v.                           *        Crim. Action No. RDB-09-0496

UNITED STATES OF AMERICA,              *

      Respondent.                  *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### **MEMORANDUM OPINION**

On March 18, 2010, Petitioner Lionel Rice ("Petitioner" or "Rice") pled guilty to one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g).  On June 22, 2010, this Court sentenced Rice to a total term of 180-months of imprisonment. (Judgment, ECF No. 46.)  Based on his prior drug offenses, Rice was sentenced as an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  Rice did not appeal his sentence.

Six years later, Petitioner filed the presently pending *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 52) and *pro se* Motion to Amend the same (ECF No. 53).  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  Petitioner's original submission (ECF No. 52) is meritless; his Motion to Amend (ECF No. 53) raises arguments that are procedurally barred

and untimely.  Accordingly, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to

28 U.S.C. § 2255 (ECF No. 52) and Motion to Amend the same (ECF No. 53) are DENIED.[1]

## BACKGROUND

On March 18, 2010, Petitioner Lionel Rice ("Petitioner" or "Rice") pled guilty to one

count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g).

Prior to his sentencing, the United States Probation Office prepared a presentence report

("PSR"), which found that he had at least six prior convictions for either a violent felony or a

serious drug offense.  (PSR ¶ 54.)  Among these were: a March 2002 conviction for Possession

with Intent to Distribute Cocaine; a February 2003 convictions for Attempt and Conspiracy

to Manufacture/Distribute CDS; a September 2003 convictions for Possession with Intent to

Distribute Cocaine and Conspiracy to Distribute Cocaine; and a January 2006 conviction for

Conspiracy to Distribute Cocaine.  (PSR ¶¶ 33, 41, 43, 45, 47.)  At the sentencing hearing of

June 22, 2010, Rice did not raise any objections to the PSR.  (Sentencing Tr. 5:22-6:1, ECF

No. 50.)

At the conclusion of the hearing on June 22, 2010 this Court sentenced Rice as an

armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"),

to a total term of 180-months of imprisonment.  (Judgment, ECF No. 46.)  Rice did not file

an appeal.  About six years later—on June 28, 2016 and December 27, 2016, respectively—

---

[1] In correspondence dated September 9, 2019 (ECF No. 56), Petitioner seeks "clarification" concerning whether 18 U.S.C. § 922(g) renders him ineligible for early release pursuant to 18 U.S.C. § 3621(e)(2)(B). Petitioner appears to argue that the Bureau of Prisons is improperly exercising its discretion by denying, pursuant to 28 C.F.R. § 550.55, early release to prisoners with convictions under § 922(g). This contention has previously been rejected. *See Belcher v. Stewart*, CCB-18-3471, 2020 WL 512731, at *3 (D. Md. Jan. 30, 2020).

Rice filed the presently pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 52) and Motion to Amend the same (ECF No. 53).

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255(a). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## ANALYSIS

The ACCA mandates a minimum fifteen-year prison sentence for any person who violates 18 U.S.C. § 922(g) and "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both . . . ." 18 U.S.C. § 924(e)(1). The term "serious drug offense" includes both federal drug crimes and "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a

controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A).  The term "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause"), "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated offense clause"), or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the ACCA's residual clause was unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." *Id.* at 2557.  After *Johnson*, an offense can only qualify as a "violent felony" under the ACCA if it falls within the ambit of the force clause or is one of the ACCA's enumerated offenses. In *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), decided in April of 2016, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review because it announced a substantive, rather than procedural, rule.

In his original submission (ECF No. 52), Petitioner argues that he no longer qualifies as an armed career criminal under the ACCA as a result of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  As previously explained, however, Petitioner was sentenced as an armed career criminal on the basis of at least three drug offenses.  His assault conviction has no bearing on his status under the ACCA.  For this reason alone, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 52) is DENIED.

In his Motion to Amend (ECF No. 53), Petitioner argues that his drug offenses no longer qualify as "serious drug offenses" under the ACCA as a result of the Supreme Court's decisions in *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). These arguments are procedurally barred and untimely.

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct 1584 (1982). Any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). In this case, Petitioner did not appeal his sentence and has made no effort to demonstrate cause and prejudice or actual innocence. Accordingly, his arguments are procedurally barred.

Petitioner's arguments are also untimely. A one-year statute of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* A conviction becomes final for the purpose of starting the one-year limitations period when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 123 S. Ct. 1072 (2003); *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004).   In this case, the one-year deadline began on July 7, 2010—fourteen days after the entry of judgment—and expired one year later, on July 7, 2011.   *See* Fed. App. R. 4(b)(1)(A).   Petitioner did not file his Motion to Amend until December 27, 2016—well after the limitations period expired.

Petitioner appears to argue that his Motion to Amend (ECF No. 53) is timely under 28 U.S.C. § 2255(f)(3) as a result of the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016).   (ECF No. 53 at 3-4.)   This argument is misguided.   *Descamps* was decided in 2013, well over a year before Petitioner's Motion to Amend was filed on December 27, 2016.   Furthermore, neither *Descamps* nor *Mathis* are retroactively applicable on collateral review.   *See, e.g.*, *Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018); *Gary v. Warden Kallis*, ELH-08-86, 2017 WL 2242680, at *4-5 (D. Md. May 23, 2017).   Accordingly, Petitioner's arguments are untimely and his Motion to Amend (ECF No. 53) is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 52) and Motion to Amend the same (ECF No. 53) are DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order

adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the Court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims for relief debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: April 30, 2020

_____/s/_____
Richard D. Bennett
United States District Judge